UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STATE FARM LIFE INSURANCE CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:12-cv-1500-WTL-MJD |
| | ) |
| TROY JONAS, et al., | ) |
| | ) |
| Defendants. | ) |

## ENTRY REGARDING PENDING MOTIONS

Several motions pend in this case. Each is addressed, in turn, below.

## DEFENDANT TROY JONAS'S MOTION TO DISMISS (DKT. NO. 7)

Defendant Troy Jonas has moved to dismiss the claim against Defendant Estate of Jennifer Jonas or, in the alternative, for judgment on the pleadings.[1] The Court is unaware of any provision of the Federal Rules of Civil Procedure under which one defendant in a case can move to dismiss the plaintiff's claim against another defendant for failure to state a claim. The rules cited by Jonas, Rules 12(b)(6) and 12(c), apply to a party seeking to dismiss claims asserted against him, not claims asserted against another party. Accordingly, the motion to dismiss or for judgment on the pleadings is **DENIED**.[2]

## DEFENDANT TROY JONAS'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 17)

Defendant Troy Jonas has filed a motion for summary judgment in this case seeking to resolve what he terms as "[t]he question in this case": "who or what is entitled to the proceeds

---

[1]The Court notes that Jonas's filing violates Local Rule 7-1 in that it was filed in the same document as Jonas's answer to the complaint and it was not accompanied by a separate brief.

[2]The Court notes that the motion for judgment on the pleadings was premature in any event because the pleadings had not yet been closed.

from the Plaintiff's life insurance policy insuring the life of Jennifer Jonas." The only claim currently in this case is that brought by the Plaintiff, State Farm Life Insurance Company ("State Farm"), however, and State Farm's claim does not raise the issue that Jonas seeks to resolve with his motion for summary judgment. State Farm's complaint does not raise the issue of who should receive the life insurance proceeds; it is an interpleader complaint seeking to pay the proceeds into the court and absolve State Farm from any further responsibility with regard to those proceeds. In essence, Jonas seeks summary judgment on cross-claims that he has not asserted against his co-defendants. Accordingly, the motion is **DENIED**.

## MOTION TO INTERPLEAD FUNDS (DKT. NO. 29)

Plaintiff State Farm has moved to interplead the life insurance proceeds pursuant to Federal Rule of Civil Procedure 67(a), said funds to be held by the court until the issue of who the proper beneficiary is can be resolved. Jonas does not object to the funds being interpleaded, but he argues that pursuant to Texas law the unpaid proceeds are subject to interest at a rate of 18% per year that will continue to accrue until they are paid to the beneficiary (which he argues is himself). State Farm, on the other hand, argues that it is obligated only to pay interest on the funds as provided in the life insurance policy: 2% per year paid from the date of death to the date of payment.

All parties agree that Texas law applies to this dispute. The Texas prompt payment of claims statute provides, in relevant part:

> a) Except as otherwise provided, if an insurer, after receiving all items, statements and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060.

\*\*\*

> (c) A life insurer that receives notice of an adverse, bona fide claim to all or part of the proceeds of the policy before the applicable payment deadline under Subsection (a) shall pay the claim or properly file an interpleader action and tender the benefits into the registry of the court not later than the 90th day after the date the insurer receives all items, statements, and forms reasonably requested and required under Section 542.055. A life insurer that delays payment of the claim or filing of the interpleader and tender of the proceeds for more than 90 days shall pay damages and other items as provided by Section 542.060 until the claim is paid or the interpleader is properly filed.

Tex. Ins. Code § 542.058.2. Section 542.060(a) provides, in turn, "[i]f an insurer that is liable for a claim under an insurance policy is not in compliance with this subchapter, the insurer is liable to pay the holder of the policy or the beneficiary of the policy making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fees."

The question before the Court, then, is whether State Farm had notice of a bona fide claim adverse to Jonas's claim such that it was permitted to file this interpleader action rather than pay Jonas the proceeds of the insurance policy within sixty days of his claim. Under Texas law, an insurer's interpleader action is proper if the insurer "is subject to, or has reasonable grounds to anticipate, rival claims to the same funds." *See, e.g., Clements v. Minnesota Life Ins. Co.*, 176 S.W.3d 258, 263 (Tex.App. 2004) (quoted in *State Farm Life Ins. Co. v. Martinez*, 216 S.W.3d 799, 807 n.41 (Tex. 2007)). In other words, "if a reasonable doubt exists in law or fact as to whom the proceeds belong, an insurer should interplead them and let the courts decide." *Martinez*, 216 S.W.3d at 806. Further, Texas law has long been that "'every reasonable doubt should be resolved in favor of the stakeholder's right to interplead.'" *Id.* (quoting *Bryant v. United Shortline Inc. Assur. Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998) and citing *Nixon v. Malone*, 100 Tex. 250 (1906)).

In this case, State Farm was aware of facts that created a reasonable doubt as to who the proper beneficiary of the life insurance policy was. While Jonas was listed as the beneficiary on the policy, that designation was made prior to the Jonases' divorce. Texas Family Code § 9.301 provides:

> (a) If a decree of divorce or annulment is rendered after an insured has designated the insured's spouse as a beneficiary under a life insurance policy in force at the time of rendition, a provision in the policy in favor of the insured's former spouse is not effective unless:
>
> > (1) the decree designates the insured's former spouse as the beneficiary;
> >
> > (2) the insured redesignates the former spouse as the beneficiary after rendition of the decree; or
> >
> > (3) the former spouse is designated to receive the proceeds in trust for, on behalf of, or for the benefit of a child or a dependent of either former spouse.
>
> (b) If a designation is not effective under Subsection (a), the proceeds of the policy are payable to the named alternative beneficiary or, if there is not a named alternative beneficiary, to the estate of the insured.

The divorce decree in this case transferred *ownership* of the life insurance policy from Jennifer Jonas to Troy Jonas, but the *owner* of the policy is not synonymous with the *beneficiary*. There was, therefore, at least a reasonable legal basis for State Farm to be uncertain regarding whether, under Texas law, the provision in the Jonases' divorce decree satisfied the requirement of Texas Family Code § 9.301(a)(1) that a divorce decree "designate the insured's former spouse as the beneficiary" in order to avoid making a pre-decree designation ineffective. If it did not satisfy the requirement, the Jonases' children, who were named as successor beneficiaries, would be the proper beneficiaries.

Because the facts known to State Farm created a reasonable doubt regarding the proper beneficiary of the life insurance policy, it was proper under Texas law for State Farm to file an

interpleader action rather than pay the proceeds to Jonas.  State Farm therefore is not subject to the 18% interest damages provision found in Tex. Ins. Code § 542.060(a), but rather is obligated to pay interest as provided in the policy.  Accordingly, State Farm's motion to interplead funds is **GRANTED**.  **Within 14 days of the date of this Entry, State Farm shall deposit into the court's registry the life insurance proceeds from the policy issued to Jennifer Jonas, calculated at the contractual interest rate from the date of Jennifer Jonas's death to the date of deposit.**

      SO ORDERED:   06/11/2013

                                             Hon. William T. Lawrence, Judge
                                             United States District Court
                                             Southern District of Indiana

Copies to all counsel of record via electronic notification