UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STATE FARM LIFE INSURANCE CO., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    vs. | ) CAUSE NO. 1:12-cv-1500-WTL-MJD |
| | ) |
| TROY JONAS, et al., | ) |
| | ) |
|    Defendants. | ) |

## ENTRY DENYING MOTION TO RECONSIDER

The Court recently ruled on several motions in this case.  Defendant Troy Jonas has filed a motion asking the Court to reconsider those rulings.  The motion to reconsider is **DENIED** for the reasons set forth below.

First, Jonas objects to the Court's denial of his motion to dismiss the Plaintiff's claims against Defendant Estate of Jennifer Jonas.  In so ruling, the Court stated that it was "unaware of any provision of the Federal Rules of Civil Procedure under which one defendant in a case can move to dismiss the plaintiff's claim against another defendant for failure to state a claim."  In his motion to reconsider, Jonas complains that "[n]o authority was cited by the Court for that statement other than a general reference to the Federal Rules of Civil Procedure."  Jonas misunderstands the nature of motion practice.  "It is not this court's responsibility to research and construct the parties' arguments," *Draper v. Martin*, 664 F.3d 1110, 1114 (7th Cir. 2011); rather, it is up to the party asking for relief to demonstrate that he is entitled to that relief.  As the Court explained, Jonas failed to do so in his motion to dismiss.

In his motion to reconsider, Jonas directs the Court's attention to *Mavrovich v. Vanderpool*, 427 F.Supp.2d 1084 (D. Kan. 2006).   In *Mavrovich*, two of the four defendants

filed a Rule 12(b)(6) motion to dismiss the plaintiff's claims against them.  There was nothing unusual about that motion; that is the intended use of a Rule 12(b)(6) motion to dismiss.  In this case, however, Jonas filed a Rule 12(b)(6) motion seeking to dismiss the plaintiff's claims against another defendant.  *Mavrovich* did not involve that unusual scenario and therefore provides no support for Jonas's motion to reconsider.  To the contrary, the court in *Mavrovich* granted the two defendants' motions to dismiss the claims against them and then *sua sponte*—that is, on the court's own motion, not on the motion of the other defendants—also dismissed the plaintiff's claims against the other two defendants in the case because they were subject to dismissal for the same reason as the moving defendants.

Jonas also objects to the fact that the Court denied his motion for summary judgment.  However, the Court reiterates that the issue on which Jonas sought summary judgment—"who or what is entitled to the proceeds from the Plaintiff's life insurance policy insuring the life of Jennifer Jonas"—is not yet properly before the Court.

> An interpleader action generally involves two stages: the court must first determine whether the prerequisites to statutory interpleader have been met, and if interpleader is available and appropriate, it may issue an order discharging the stakeholder and directing the claimants to interplead.

*Aaron v. Merrill Lynch Pierce, Fenner & Smith*, 502 F.Supp.2d 804, 808 (N.D. Ind. 2007) (citing 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 3d § 1714 (3d ed. 2001)).  The Estate has not yet been served; accordingly, State Farm has not yet been dismissed and the Court has not yet directed the Defendants to interplead—that is, to litigate among themselves the issue of who is entitled to the policy proceeds.  Jonas's motion for summary judgment was, therefore, premature, and was denied as such.

Finally, Jonas argues that the fact that State Farm did not pay the funds into the court's registry at the time it filed this interpleader action means that State Farm violated Tex. Ins. Code

§ 542.058.2 and therefore is obligated to pay damages in the amount of 18% interest and attorney fees. Texas law provides otherwise.

In *Heggy v. American Trading Emp. Ret. Acc. Plan*, 123 S.W.3d 770 (Tex. App. 2003), the court noted that under Texas Rule of Civil Procedure 43 "a party who receives multiple claims to funds in its possession may join all claimants in one lawsuit and tender the disputed funds into the registry of the court." Section 542.058.2 does not alter Rule 43's general requirement; it, too, requires an insurer to "pay the claim or properly file an interpleader action and tender the benefits into the registry of the court." In *Heggy*, the court noted that under Rule 43 "only an unconditional tender, not a deposit, is required" and held that "[a]lthough the plaintiff did not physically deposit the funds into the registry of the court, it tendered the funds into the court" by unconditionally offering to deposit the funds with the court in its interpleader complaint. 123 S.W.3d at 776. Here, too, State Farm expressly admitted in its interpleader complaint that the beneficiary of the policy was entitled to the proceeds and offered to remit the funds to the court's registry; indeed, its first prayer for relief asks that the Court direct it to do so. Under Texas law, this satisfied State Farm's obligation under the statute to "tender the benefits into the registry of the court" and relieved it of the obligation to pay damages.

Jonas's motion to reconsider is **DENIED**.

SO ORDERED: 06/20/2013

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification